ROBERT R. MOORE et al., complainants-appellants,

*v.*

SPLITDORF ELECTRICAL COMPANY, defendants-respondents.

[Argued February 6th, 1935. Decided May 17th, 1935.]

*Messrs. Minturn & Weinberger,* for the appellants.

*Messrs. McCarter & English* and *Mr. Arthur F. Egner,* for the respondents.

PER CURIAM.

This is an appeal from the refusal of Vice-Chancellor Bigelow to enter an order in the form requested by the complainant's solicitor. It appears that the Splitdorf Electrical Com-

pany was in liquidation and the directors, as trustees in liquidation, agreed to sell some of the assets, consisting of patent rights, work in process, and the like, to a new corporation known as the Edison Splitdorf Corporation, for the sum of $197,000 in cash; and it was further provided that certain stock then in the treasury, returned by Thomas Edison, should be distributed *pro rata*. It is asserted that the distribution of stock was a gratuity and not really forming any part of the consideration for the sale.

In the first case which came before this court growing out of this matter the vice-chancellor declined to sustain exceptions to the master's report as to the fairness of the sale and this court reversed upon a single ground, namely, that the holders of the bonds of the liquidating corporation were entitled to be paid in cash and were not required to take stock or other securities; in other respects the decree was affirmed. In the opinion of Mr. Justice Perskie in this court it was said that the master, the vice-chancellor and this court all agreed that the price for the property involved was fair, reasonable and adequate.

Pending the determination of the appeal by this court, there being no restraint as to the sale, the directors, as trustees in liquidation, consummated the sale. It was within the rights of the appellants in the first suit and appellants here, to ask the court of chancery for a restraint, and failing that, as was the case, to apply to this court, but apparently no application was made to this court. Consequently the trustees in liquidation were within their rights in consummating the sale subject to the sale being declared illegal.

After the determination by this court, complainants sought an order from the court of chancery to require a public sale of all of the assets of the liquidating corporation, which included not only the personal property sold to the new corporation, but likewise real estate, books of accounts, &c., which, in the judgment of the liquidators, it is not desirable to sell at this time. The vice-chancellor declined to order this sale, and such refusal might well be put upon the ground that nothing was submitted to him by way of proofs to establish the necessity or the desirability of a sale of all the assets at

this time. The question of the sale of a part of the assets, the subject of the first appeal, was not separated from the question of sale of all the assets in such way that the vice-chancellor was called upon to deal only with that question.

The refusal of the vice-chancellor was justified, first as to the assets sold because it is judicially determined that a fair price was received and it clearly appears that the consideration therefor is to be paid in cash; secondly because it does not appear to be in the interest of those concerned, and no proof was submitted to indicate the desirability of selling all of the assets at this time.

The order is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.